**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLEN HEINE and ANN. R. SCHILDKNECHT,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF MONTCLAIR, et al.,<br><br>Defendants. | Civil Action No. 17-12529 (ES) (JAD)<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

*Pro se* Plaintiffs Ellen Heine and Ann. R. Schildknecht ("Plaintiffs") bring this action against the Township of Montclair ("Montclair"), the Commissioner of the Department of Community Affairs ("DCA"), and John Doe 1–20 (collectively "Defendants").[1] Before the Court is Montclair's motion to dismiss the Complaint. (D.E. No. 5). The Court has considered the parties' submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78(b). For the following reasons, the Court GRANTS Montclair's motion.

**I. Factual Background**

Over the past several years, Plaintiffs have brought multiple cases in this District against Montclair, the DCA, and other municipalities. *See, e.g.*, *Heine v. Dir. of Codes & Standards*, No. 15-8210, 2017 WL 3981135 (D.N.J. Sept. 11, 2017) (the "8210 Action"); *Fabics v. City of New Brunswick*, No. 13-6025, 2015 WL 5167153 (D.N.J. Sept. 3, 2015), *aff'd sub nom. Estate of Fabics v. City of New Brunswick & its Agents*, 674 F. App'x 206 (3d Cir. 2016) (the "6025 Action");

---

[1] It appears that Plaintiffs have only served the Complaint on Montclair. (*See* D.E. No. 3).

*Fabics v. City of New Brunswick*, No. 14-2202, 2015 WL 10936119 (D.N.J. Jan. 15, 2015), *aff'd*, 629 F. App'x 196 (3d Cir. 2015) (the "2202 Action"); *Schildknecht v. Twp. of Montclair*, No. 13-7228, 2014 WL 835790 (D.N.J. Mar. 4, 2014) (the "7228 Action").

Given the extensive history between these parties, the Court assumes familiarity with the facts and intends this Memorandum to be read in conjunction with this Court's Opinion in the 8210 Action, which summarized the 6025 Action, the 2202 Action, and the 7228 Action. *See Heine*, 2017 WL 3981135, *4–5.

In this action Plaintiffs assert claims under 42 U.S.C. § 1983 and § 1985 for alleged violations of their Fourth, Fifth, Eight, and Fourteenth Amendments rights. (D.E. No. 1 ¶¶ 20–42). Particularly, these claims arise out of the closure of Schildknecht's property—located at 120 Undercliff Road in Montclair, New Jersey (the "Property")—and the resulting restricted access to the Property. (*See generally id.*).

Plaintiffs allege that their Fourth and Fourteenth Amendment rights were violated because "the construction official"[2] conducted warrantless searches of the Property and issued Uniform Construction Code ("UCC") placards—allegedly later changed to Uniform Fire Code ("UFC") placards—that purported to close the Property. (*See id*. ¶¶ 1–5, 7–9, 12–13, 17 & 27–29). Montclair closed the Property on November 21, 2013, pursuant to health and construction code violations. (*Id.* ¶ 9). Plaintiffs allege that the construction official took photographs of the interior of the home, which were later used at Heine's municipal court trial for trespassing on the Property. (*Id.* ¶¶ 3 & 27–28).

Moreover, Plaintiffs maintain that "statutes, codes and ordinances have been used interchangeably to create a desired effect by enforcers" but that a review of these "statutes[,] codes

---

[2] Plaintiffs do not identify this individual, or whether he or she is connected to Defendants. (*See generally id.*).

and ordinances prove to be unconstitutional as enforced." (*Id.* ¶ 25). Plaintiff allege that the DCA does not include single family homes, like the Property, as properties subject to these inspections (*id.* ¶ 26), and that "[t]he state and the municipality can produce no documentation or court orders that show that they have observed the due process rights of" Plaintiffs. (*Id.* ¶ 30).

Plaintiffs next allege that Defendants have improperly used state statutes and ordinances to close the Property, denying access to Plaintiffs in violation of the Fifth Amendment. (*Id.* ¶ 33). Plaintiffs allege that they have lost their right to the quiet use of their property because of Montclair's "over regulation." (*Id.* ¶ 34). As a result, Plaintiffs have suffered "loss of use" of the money required for upkeep and taxes of the Property (*id.* ¶ 35), as well as costs incurred in "alternative housing and office space[,] and management of records and storage" (*id.* ¶ 36).

Finally, Plaintiffs raise an Eight Amendment violation claim based on Heine's charge and prosecution for criminal trespass.[3] (*Id.* ¶¶ 37–42). Plaintiffs allege that in December 2015, Heine was prosecuted and sentenced for criminal trespass of the Property. (*Id.* ¶¶ 8–9 & 15–16). They claim that this occurred even though Heine had received permission from Schildknecht to enter the Property, and Heine produced evidence that she had a mortgage lien on the Property arising from a loan she provided to Schildknecht. (*Id.* ¶ 15). Plaintiffs also allege that because Heine had a lien on the Property, it was improper for Montclair to charge Heine with trespass since the municipality did not have possession of the Property. (*See id.* ¶¶ 18 & 39).

Plaintiffs allege other deficiencies in Heine's trial, including that: 1) Montclair "changed all the placards from UCC to UFC" and used photographs of "the newly affixed placards that read

---

[3] Although the Complaint does not specify when the trespass occurred or when Heine was charged, Heine's filings with this Court in a related case indicate that that she was arrested and charged for criminal trespass in November of 2013. (*See* Civil Action No. 18-0441(ES)(CLW), D.E. No. 1 ¶¶ 17 & 18). The Court may consider this document as it is a matter of public record. *See Martinez v. Bank of Am., N.A.*, 664 F. App'x 250, 255 n.7 (3d Cir. 2016).

UFC" as evidence during Heine's trial (*id.* ¶ 10); 2) that during the trial the prosecutor introduced the text of relevant township ordinances, which Plaintiffs allege are similar to an ordinance that had been overturned by the New Jersey appeals court (*id.* ¶ 14); and 3) that despite Heine providing testimony to the contrary, Montclair incorrectly used state statutes to "justify the closure because the municipality does not have an Ordinance that allows them to close a single family home for fire codes" (*id.* ¶ 11).

Plaintiffs state that the trial resulted in a "sentence of incarceration, suspended pending completion of probation." (*Id.* ¶ 40). And that Montclair "has declined to clarify the classification of the charge which would determine the sentence guidelines." (*Id.* ¶ 41). As such the "sentence may be overly hard or outside the guidelines." (*Id.*).

Based on this conduct, Plaintiffs allege that they have been treated differently than others in the town and that these actions are the result of discriminatory customs, culture, policies, and practices of Defendants. (*Id.* ¶ 19, 24, 32 & 38).

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing a Federal Rule of Civil Procedure 12(b)(6) motion, "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). But a reviewing court does not accept as true the complaint's legal conclusions. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions.").

"[A] court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.") (citations and internal quotation marks omitted).

Further, "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations and internal quotation marks omitted). "The Court need not, however, credit a *pro se* plaintiffs 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. Discussion

Montclair moves for dismissal based on, *inter alia*, the doctrine of res judicata as well as for failure to state a claim. (*See* D.E. No. 5 at 13–18 & 18–27). Res judicata, also known as claim preclusion, bars "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011). It is a rule founded on the general public policy that once a court has decided on a contested issue, the litigation may not later be renewed in another court. *Heiser v. Woodruff*, 327 U.S. 726, 733 (1946); *Purter v. Heckler*, 771 F.2d 682, 690 (3d Cir. 1985).

Res judicata is an affirmative defense, and the party asserting the defense has the burden of proving that it applies to the situation at hand. Fed. R. Civ. P 8(c); *United States v. Athlone*

*Indus., Inc.*, 746 F.2d 977, 983–84 (3d Cir. 1984); *Davis v. U.S. Steel Supply*, 688 F.2d 166, 170 (3d Cir. 1982). The res judicata defense "may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x. 36, 38 (3d Cir. 2008).

To successfully raise the defense of res judicata, the party asserting the defense must show that there has been (i) a final judgment on the merits in a prior suit involving (ii) the same parties or their privies and (iii) a subsequent suit based on the same causes of action. *Athlone*, 746 F.2d at 983; *see also Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991). The term "cause of action" does not necessarily rest on the specific legal theory invoked, but turns on the essential similarity of the underlying events giving rise to the various legal claims. *Davis*, 688 F.2d at 171. Thus, claims need not be identical in the two suits for preclusion to apply. *See Corestates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1997). That is, res judicata bars "not only claims that were brought in a previous action, but also *claims that could have been brought.*" *In re Mullarkey*, 546 F.3d 215, 225 (3d Cir. 2008) (emphasis added).

The present Complaint raises substantially similar allegations and claims that these same Plaintiffs have raised before courts in this District, including before this Court. *See, e.g.*, *Heine*, 2017 WL 3981135, at *2–3; *Fabics*, 2015 WL 10936119, at *1 (alleging violations of plaintiffs' rights through unlawful and unauthorized "administrative searches" of the Property by Montclair); *Schildknecht*, 2014 WL 835790, at *1 (alleging that defendants, including Montclair, violated Plaintiffs' procedural due process rights by removing Schildknecht from her home and preventing Heine from entering the Property). These prior cases involved suits brought by the same Plaintiffs against the same Defendants, raising similar claims arising out of substantially the same underlying factual transaction or occurrence. *See Watkins*, 591 A.2d at 599.

Plaintiffs argue that this Complaint raises new allegations involving Heine's charge and subsequent prosecution for trespassing, and that therefore, these claims "had not accrued at the time of any of the other Plaintiff's complaints." (D.E. No. 8 at 6–7). However, Plaintiffs' Complaint makes evident that these allegations arise from the same underlying alleged wrong Montclair committed when it inspected and closed the Property. (*See generally* D.E. No. 1). Indeed, it appears that Heine was arrested and charged with trespass in November of 2013. (*See* Civil Action No. 18-0441(ES)(CLW), D.E. No. 1 ¶¶ 17 & 18). Further, since the trial occurred in December of 2015, Plaintiffs had almost two years to amend their 8210 Action complaint, yet they chose to wait and raise these allegations only in an opposition to a motion to dismiss. *See Heine*, 2017 WL 3981135, at *9 n.14 (citing 8210 Action D.E. No. 61 at 3, 8 & 13). As such, these claims arose long before the final judgment in the 8210 Action and "could . . . have been sued upon in the prior action." *See Alexander & Alexander, Inc. v. Van Impe*, 787 F.2d 163, 166 (3d Cir. 1986); *Fabics*, 629 F. App'x. at 199 ("Thus, to the extent that any of the new parties or new claims mentioned in this complaint properly could be brought in one complaint under the Federal Rules of Civil Procedure, Plaintiffs had the opportunity to propose such changes through a motion to amend the complaint. . . ."); *McLaughlin v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 686 F. App'x 118, 123–24 (3d Cir. 2017) ("In determining whether there is an identity of claims, the court take[s] a broad view, looking to whether there is an essential similarity of the underlying events giving rise to the various legal claims.") (internal quotation marks omitted).

Moreover, the Court dismissed Plaintiffs' entire complaint in the 8210 Action *with prejudice*. *Heine*, 2017 WL 3981135, at *14–15. Particularly, this Court ruled that in addition to res judicata, other grounds merited dismissal without leave to amend—even though such leave would have permitted Plaintiffs to add the allegations surrounding Heine's trespass charge and

prosecution—because any such amendment would have been futile. *See id.* at *15 ("And because the Complaint fails to provide sufficient factual basis for claims under § 1983—despite repeated Court warnings and opportunities to cure this deficiency—the Court finds that amendment would be futile."). As such, this Court dismissed any claims arising from Heine's trespass prosecution, which as noted, largely flows from the same underlying occurrence of Plaintiffs' prior lawsuits—i.e., the inspection and closure of the Property for health and safety reasons. *See Lewis v. Smith*, 361 F. App'x 421, 424 n.5 (3d Cir. 2010) ("The addition of some new facts to support his legal theories does not prevent preclusion in this case."); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006) ("The doctrine of res judicata would become meaningless if a party could relitigate the same issue . . . by merely positing a few additional facts that occurred after the initial suit." (quoting *Duboc v. Greek Oak Twp.*, 312 F.3d 736, 751 (6th Cir. 2002))). Therefore, Plaintiffs' claims have been adjudicated and thus, Plaintiffs are barred from relitigating this cause of action.

Additionally, even if res judicata did not apply here, Plaintiffs' Complaint must be dismissed for failure to state a claim. Plaintiffs bring sections 1983 and 1985 claims against Montclair, a municipality. (*See* D.E. No. 1). As to the section 1985 claim, the Complaint simply fails to allege any facts that would show Defendants conspired for the purpose of depriving Plaintiffs of their rights. *See Khalil v. City of Paterson*, No. 18-3241, 2018 WL 6168191, at *8 (D.N.J. Nov. 26, 2018).

As to Plaintiffs' 1983 claims, "'[w]hen a suit against a municipality is based on Section 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom.'" *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck*

*v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)). Here, Plaintiffs' Complaint fails to "identif[y] any *particular* official municipal custom or policy to which their alleged harms might plausibly be traced." *See Heine*, 2017 WL 3981135, at *15 (emphasis in original). At best, Plaintiffs only vaguely allege that the "actions described are the result of the culture, customs and practices and policies of the Township of Montclair and their governing body." (D.E. No. 1 ¶ 19; *see also id.* ¶¶ 24, 32 & 38). But this fails to identify any "officially sanctioned or ordered" policy or any custom by Montclair that deprived Plaintiffs of their civil rights. *See Wright v. City of Phil.* 85 F. App'x 142, 146 (3d Cir. 2017); *Peschko v. City of Camden*, No. 02-5771, 2006 WL 1798001, at *7 (D.N.J. June 28, 2006) (citing *City of St. Louis v. Prapotnik*, 485 U.S. 112 (1987)).

Because this Court and other courts in this District have repeatedly told Plaintiffs that similarly conclusory and generalized allegations are deficient under the *Iqbal* standard, further leave to amend is futile. *See Heine*, 2017 WL 3981135, at *15 ("And because the Complaint fails to provide sufficient factual basis for claims under § 1983—despite repeated Court warnings and opportunities to cure this deficiency—the Court finds that amendment would be futile."); *Estate of Fabics*, 674 F. App'x at 210 (noting same issue in the 6025 Action and affirming dismissal); *Schildknecht*, 2014 WL 835790, at *2 ("Plaintiffs' complaints do not allege that there is any specific policy, regulation, or decision adopted by the Township that resulted in the alleged Constitutional violations.").

Consequently, Plaintiffs' Complaint against Montclair is dismissed *with prejudice*. To be clear, "dismissal with prejudice means that [Plaintiffs] may not seek to reinstate this action" or bring any claims against these Defendants arising out of this set of facts before any court. *See Maydak v. U.S. Dep't of Educ.*, 150 F. App'x 136, 138 (3d Cir. 2005).

## IV. Conclusion

For the foregoing reasons, the court GRANTS Montclair's motion to dismiss and DISMISSES Plaintiffs' Complaint[4] *with prejudice*. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] Although it does not appear that Plaintiffs served the DCA, the Court also dismisses the Complaint against the DCA because, as with prior actions, the Complaint here "fails to identify any particular instance of conduct to which the alleged constitutional harms might be traced." *See Heine*, 2017 WL 3981135, at *15; *Estate of Fabics*, 674 F.App'x. at 210 (noting same issue in 6025 Action and stating that "dismissal of the entire action was warranted regardless of who had answered or moved to dismiss the complaint" where the complaint fails to comply with Rule 12(b)(6)); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").